JAMES J. COUGHLIN v. CITY OF ST. PAUL AND OTHERS.
JOHN A. BURNS, RESPONDENT.[1]

March 9, 1945.

No. 33,912.

*James J. Coughlin, pro se.*
*John A. Burns, pro se.*

LORING, CHIEF JUSTICE.

In this proceeding, the respondent, John A. Burns, an attorney at law, sought to subject a judgment in favor of plaintiff to an attorney's lien. The judgment was for $4,699.48 plus taxable costs. Respondent had recovered this judgment for plaintiff in a proceeding to subject certain funds deposited with the sinking fund committee of the city of St. Paul, more commonly known as the City Bank of St. Paul, to a trust in favor of plaintiff. These funds plain-

[1]Reported in 18 N. W. (2d) 87.

tiff claimed he had delivered to his mother during her lifetime to be handled by her as savings for his benefit. Without going into the details of the situation, it may be said that the situation presented to respondent was one of some difficulty, and he rendered services therein which the evidence in this record tends to prove were worth in excess of $700.

Plaintiff and respondent could not agree on the amount of respondent's fees. The result was that respondent filed a notice of attorney's lien, and upon an order to show cause plaintiff demanded a trial by jury to determine the amount of the lien—

"or in the alternative, within the discretion of the court, that said matter be referred to a Referee to try and determine the same and to make due report to this court, * * * such report to contain findings upon the following questions:

"1. As to the facts upon which the alleged lien is founded.

"2. As to whether such lien, in the amount filed, actually exists.

"3. The value of the services rendered as a basis for said lien and the reasonable value of the aggregate amount of said services."

Thereupon the case was assigned for trial to Judge Albin S. Pearson of the district court, who heard the evidence and made findings to the effect that $700 was a fair and reasonable value of legal services rendered by respondent on behalf of plaintiff in the proceeding to subject the funds to a trust; that the sum of $50 had been paid on account of fees and expenses; that the expenses were $19.47; and concluded that the sum of $669.47 be a lien upon the judgment theretofore entered in favor of plaintiff. Pursuant to the findings and order for judgment, a decree was entered in favor of respondent subjecting the judgment to his lien, and from that decree plaintiff has appealed to this court on the ground that he was denied a jury trial and that the evidence does not support the finding as to the value of respondent's services.

The quotation from plaintiff's affidavit made in answer to the order to show cause shows that in the alternative he requested a reference, which was granted by assignment of the case for trial to

a district judge. This was at least the equivalent of a reference. Plaintiff is therefore in no position to question the assignment of the case for trial without a jury. The evidence is abundant to support respondent's claim as to the value of his services, and therefore there is no ground for reversal.

The judgment is affirmed.